# In the United States Court of Federal Claims
No. 20-1080C
(Filed: April 1, 2021)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
SEAN R. FABIAN,                                  *
                                                 *
              Plaintiff,                         *
                                                 *
       v.                                        *
                                                 *
THE UNITED STATES,                               *
                                                 *
              Defendant.                         *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

**ORDER OF DISMISSAL**
_____

**WILLIAMS**, Senior Judge.

  Plaintiff pro se Sean R. Fabian, who is incarcerated in the Federal Correctional Institute, Ray Brook, in New York, filed a Complaint alleging that the United States District Court for the Northern District of New York improperly committed him to the custody of the Attorney General of the United States without substantial evidence. Plaintiff also alleges that he is unlawfully imprisoned in violation of his Constitutional rights[1] and several Federal statutes.[2] Plaintiff seeks compensation in the form of a setoff and requests that the Court set aside the judgment of the District Court.

  On October 21, 2020, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Plaintiff's response to Defendant's Motion to Dismiss was due by November 18, 2020. On December 8, 2020, the Court ordered Plaintiff to

---

[1]  Plaintiff cites Article I, Section 8, Clauses 10 and 17; Article IV, Section 3, Clause 2; Article VI, Clauses 2 and 3; and the Fourth, Fifth, Sixth, and Thirteenth Amendments.

[2]  Plaintiff cites 5 U.S.C. § 702 ("Right of review"); 18 U.S.C. § 5 ("United States defined");18 U.S.C. § 7 ("Special maritime and territorial jurisdiction of the United States defined"); 18 U.S.C. § 23 ("Court of the United States defined"); 18 U.S.C. § 3041 ("Power of courts and magistrates"); 18 U.S.C. § 3142(i)(2) ("Release or detention of a defendant pending trial"); 18 U.S.C. § 3231 ("District courts"); 18 U.S.C. § 3553(b) ("Imposition of a sentence"); 28 U.S.C. § 1491 (the Tucker Act); and 28 U.S.C. §§ 2241(c)(1), (3) ("Power to grant writ").

file a response to Defendant's Motion to Dismiss by January 13, 2021, and warned Plaintiff that failure to comply with the Court's order might lead to dismissal of the case. Plaintiff failed to file a response to Defendant's motion by the Court-ordered date.

On January 27, 2021, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff's response to the Show Cause Order was due by March 1, 2021. To date, Plaintiff has not filed a response to Defendant's Motion to Dismiss or this Court's Show Cause Order. Because Plaintiff has failed to timely respond to Defendant's motion or this Court's Show Cause Order, the Court dismisses this action for failure to prosecute.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); see Adkins v. United States, 816 F.2d 1580, 1582-83 (Fed. Cir. 1987) (upholding trial court's dismissal for failure to prosecute when plaintiffs failed to timely comply with court orders); Kadin Corp. v. United States, 782 F.2d 175, 176 (Fed. Cir. 1986). Rule 41(b) explicitly states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion . . . ." RCFC 41(b). Thus, Rule 41(b) expressly permits a sua sponte dismissal for failure to prosecute. "Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation." Barnes v. United States, 122 Fed. Cl. 581, 583 (2015) (citing Link, 370 U.S. at 629-30).

## Conclusion

Plaintiff's Complaint is **DISMISSED** for failure to prosecute pursuant to Rule 41(b).[3] The Clerk is directed to enter judgment.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

---

[3] In any event, Plaintiff has not established that this Court possesses jurisdiction to hear his suit, as this Court lacks jurisdiction to review the decision of a United States District Court. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).